Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| TERESITA LEISECA SÁNCHEZ<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Parte Recurrida | TA2026RA00238 | *Revisión Decisión Administrativa procedente del Departamento de Recursos Naturales y Ambientales*<br><br>Caso núm.:<br>24-240-BE<br>24-244-BE<br><br>Sobre:<br>Revisión de los boletos 140565 y 134143. Infracción al Art. 9.5 de la Ley 430 de 21 de diciembre de 2000, según enmendado |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 18 de mayo de 2026.

El 8 de mayo de 2026, la señora Teresita Leiseca Sánchez (la señora Leiseca Sánchez o la recurrente) presentó ante nos un *Recurso de Revisión Judicial de Revisión Administrativa* en el que solicitó que revoquemos la *Resolución y Notificación* emitida el 26 de febrero de 2026 y notificada el 3 de marzo de 2026 por el Departamento de Recursos Naturales y Ambientales (DRNA o la parte recurrida).[1]

En el aludido dictamen, el DRNA desestimó la causa de acción y confirmó la *Resolución* emitida el 14 de julio de 2025, archivada el 16 de julio de 2025 por el organismo administrativo.

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente

---

[1] Apéndice del *Recurso de Revisión Judicial de Revisión Administrativa*, Anejo 1.

despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 216 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia del DRNA.

Por los fundamentos que expondremos a continuación, desestimamos el recurso tras carecer de tener jurisdicción.

## I.

El caso de autos tuvo su origen cuando el 5 de agosto de 2025, cuando la señora Leiseca Sánchez instó una *Solicitud de reconsideración de boleto de falta administrativa* en la que solicitó una vista administrativa tras varias multas impuestas por el DRNA en su embarcación marítima.[2]

Así las cosas, el 1 de octubre de 2025, el DRNA celebró una vista administrativa en la que las partes comparecieron.[3] Durante la vista, la recurrente indicó que, en enero 2024 inició los trámites relacionados al traspaso de la embarcación marítima a su nombre seis (6) meses antes de que venciera el marbete. No obstante, alegó que, la Oficina del Comisionado de Navegación le informó que, no se podía llevar a cabo el traspaso hasta tanto en el Certificado de Documentación surgiera el nombre de esta. Luego, adujo que, el 10 de septiembre de 2024, la embarcación fue multada por tener el marbete expirado. Ante ello, arguyó que, el proceso de traspaso en su nombre de la embarcación fue agilizada tras informarle a la Guardia Costera sobre la multa. Empero, la señora Leiseca Sánchez fue multada en dos (2) ocasiones adicionales.

Tras varios trámites procesales, el 26 de febrero de 2026, notificada el 3 de marzo de 2026, el DRNA emitió una *Resolución y Notificación*, en la que acogió un informe redactado por una oficial examinadora, y formuló siete (7) determinaciones de hechos

---

[2] *Íd.*, Anejo 1.
[3] *Íd.*, Anejo 2.

relacionadas al tracto procesal de la controversia.[4] Evaluada la prueba que tuvo ante sí, el DRNA resolvió que, nuevamente procedía confirmar la *Resolución* emitida el 14 de julio de 2025, archivada el 16 de julio de 2025, dado que la embarcación se encontraba con un marbete expirado y, por tanto, la recurrente debía ser multada sobre ello. Con respecto al restante de los boletos, reiteró que fueron declarados inválidos tras ser contrarios al Art. 9 de la *Ley de Navegación y Seguridad Acuática en Puerto Rico,* Ley Núm. 430-2000, según enmendada, 12 LPRA sec. 1406.

Inconforme, la recurrente presentó un *Recurso de Revisión Judicial de Revisión Administrativa* en la que coligó los siguientes señalamientos de error:

> Primer error: Erró el DRNA al emitir y sostener una Resolución Final sin notificarla al abogado de récord de la parte recurrente, en violación a la Sección 3.14 de la LPAU y aa la jurisprudencia normativa del Tribunal Supremo, lo que tuvo el efecto de privar a la recurrente de notificación adecuada y, por tanto, de evitar que los términos comenzaran a discurrir antes de 9 de abril de 2026.

> Segundo error: Erró el DRNA al sostener el boleto 140565 expedido a nombre de ¨SEMPER VIVUS LLC¨ cuando, para la fecha de expedición (10 de septiembre de 2024), la titular registral de la embarcación, según el propio expediente y el sistema Neptuno del DRNA, era Teresita Leiseca Sánchez, conforme a contrato de compraventa de 29 de noviembre de 2023, traspaso perfeccionado ante notario el 22 de diciembre 2023 y certificado de documentación de la U.S. Coast Guard a su nombre.

> Tercer error: Erró el DRNA sostener el boleto 140565 no obstante su propia oficial examinadora reconocer expresamente que la recurrente fue ¨sumamente diligente¨ y que el atraso en la expedición del certificado de documentación del United States Coast Guard era ajeno a su control, ignorando así la política pública recogida en la Orden Administrativa DRNA Núm. 2020-04 y el propio reconocimiento administrativo de que la embarcación estaba documentada federalmente.

> Cuarto error: Erró el DRNA al omitir la notificación personal del boleto administrativo al dueño de la embarcación, como exige el Artículo 12 de la Ley 430-2000, invalidando la expedición misma del boleto y toda actuación posterior descansada en él.

> Quinto error: Erró el DRNA al condicionar la renovación del marbete de la embarcación al pago previo y total de una multa oportunamente impugnada, invirtiendo la carga del proceso adjudicativo y exigiendo al ciudadano renunciar a su derecho de revisión administrativa efectiva a cambio de

---

[4] *Íd.*, Anejo 2.

preservar el uso de su propiedad, en violación del Artículo II Sección 7 de la Constitución de Puerto Rico y de la Sección 1 de la decimocuarta enmienda de la Constitución de los Estados Unidos.

Sexto Error: Erró el DRNA al denegar el derecho a una vista administrativa en la etapa de Reconsideración, pese a haber sido solicitada oportunamente, y al descansar el mantenimiento de la multa en un expediente que no recoge la prueba sustancial que la sostuviera, en infracción a la Sección 4.5 de la LPAU y a las garantías procesales mínimas del debido proceso de Ley en su vertiente procesal.

Séptimo error: Erró el DRNA al omitir expresarse sobre la condición de parte indispensable de Semper Vivus, LLC, a nombre de quien continúa apareciendo el boleto 140565, y al haberle sostenido una multa sin notificación alguna a dicha entidad, en violación a las Secciones 3.1, 3.13, y 3.14 de la LPAU.

Octavo error: Erró el DRNA al denegar a la recurrente Teresita Leiseca Sánchez la renovación del marbete de la embarcación, y al exigirle el pago de los boletos 140565 y 134143 como condición para renovarlo, cuando ninguno de esos dos boletos fue expedido contra ella, sino contra Semper Vivus, LLC, entidad que nunca fue notificada. Las multas administrativas de la Ley 430-2000 son, por el texto expreso de su Artículo 9.9, sanciones personales contra ¨*toda persona que en violación a las disposiciones de este Articulo*¨ Infrinja la Ley; no gravan la embarcación como tal el Articulo 11 (1) de la Ley 430-2000 y la Sección 7.2 del Reglamento 6979 imponen, además la obligación de pago previo únicamente a ¨*la parte a la cual se le imputa la infracción*¨, lo que excluye a la recurrente.

Noveno error: Erró el DRNA al permitir que el vigilante Pedro García Placa 1-359, agente expedidor del boleto 140565 y testigo de cargo de la agencia, se retiraba de la vista administrativa del 1 de octubre de 2025 sin quedar disponible para el contrainterrogatorio de la parte recurrente, y al omitir ese hecho material tanto en el informe de la oficial examinadora como en la Resolución y notificación aquí recurrida. La parte recurrente levantó expresamente para récord sus reservas y planteamientos de debido proceso de Ley ante dicho incidente. La omisión agencial laceró el debido proceso de Ley en su vertiente procesal, particularmente la oportunidad real de controvertir la prueba de cargo y cuestionar al funcionario cuya intervención sostiene la imputación, así como la obligación de la agencia de fundar sus determinaciones en prueba sustancial obrante en el expediente.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de autos dado que dicha regla nos permite prescindir de los escritos, tal como lo es el recurso ante nos.

## II.

### A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 883. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Los tribunales no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005).

**B.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 et seq., (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. *O.E.G v. Diaz Atienza*, 2025 TSPR 128; *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 590-591 (2020). La Revisión Judicial es aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones. *Capó Cruz v. Junta de Planificación,* supra; 3 LPRA sec. 9671. La Revisión Judicial de determinaciones administrativas responde principalmente a delimitar la discreción de las agencias y velar que ejerzan sus funciones conforme a la ley. *Mun. De San Juan v. J.C.A.*, 149 DPR 263, 279 (1999); *Simpson, Passalacqua v. Quirós, Betances*, 214 DPR 370, 375 (2024). La intervención judicial se rige por los parámetros establecidos en la LPAU. *Simpson, Passalacqua v. Quirós, Betances, supra*. Asimismo, la sección 4.2 de la LPAU establece que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

*Íd.* 3 LPRA sec. 9672.

El mecanismo de revisión judicial se extiende a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por las agencias o funcionarios administrativos. *Simpson, Passalacqua v. Quirós, Betances, supra*, pág. 378. La LPAU no define lo que es una orden o resolución final, pero, el Tribunal Supremo ha definido una orden o resolución final como "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". *J. Exam Tec. Med. V. Elías et al.*, 144 DPR 483, 490 (1997). La orden o resolución final, resuelve todas las controversias pendientes ante la agencia y da finalidad al proceso administrativo. *Simpson, Passalacqua v. Quirós, Betances, supra*, pág. 378 (citando a *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 741–742 (2023)); *Fonte Elizondo v. F & R Const.*, 196 DPR 353, 358 (2016); *ARPe v. Coordinadora*, 165 DPR 850, 867 (2005); *Crespo Claudio v. OEG*, 173 DPR 804, 813 (2008); *Comisionado Seguros v. Universal*, 167 DPR 21, 28 (2006). Las decisiones administrativas que no cumplan ese criterio no son revisables judicialmente. *Simpson, Passalacqua v. Quirós, Betances, supra*, pág. 378.

**III.**

Harto es sabido que, los Tribunales debemos ser celosos guardianes de nuestra jurisdicción y no debemos asumir tener jurisdicción cuando surja que carecemos ostentarla. Con ello, los asuntos jurisdiccionales son privilegiados y se deben atender con la mayor importancia.

A tenor con el marco jurídico expuesto, una parte puede comparecer ante esta Curia mediante la presentación de un recurso de Revisión Judicial dentro del término de treinta (30) días a partir de la notificación de la *Resolución* emitida por el organismo administrativo.

Se desprende del expediente ante nos que, la *Resolución y Notificación* fue emitida el 26 de febrero de 2026 y **notificada el 3**

**de marzo de 2026**. No obstante, la señora Leiseca Sánchez argumentó que, no fue notificada y que fue informada sobre el dictamen recurrido el **9 de abril de 2026**, cuando compareció a una vista administrativa. Sin embargo, no nos persuade el argumento de la recurrente toda vez que, surge de la *Resolución* recurrida que esta fue debidamente notificada a su dirección postal. Tampoco, la recurrente anejó evidencia que acreditara la alegada entrega por parte del DRNA de la *Resolución.* Ciertamente, la señora Leiseca Sánchez compareció ante nos pasado el término estatutario puesto que instó el **8 de mayo de 2026**, el *Recurso de Revisión Judicial de Revisión Administrativa*. Ello, toda vez que, fue notificada de la *Resolución* recurrida el **3 de marzo de 2026**. Consecuentemente, no podemos asumir tener jurisdicción e intervenir en los méritos del recurso en virtud de que la recurrente radico su recurso de Revisión Judicial fuera del término establecido en la Sección 4.2 de la LPAU, *supra.* Tal como resaltamos, no podemos asumir jurisdicción cuando carecemos ostentarla.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso ante nos por falta de jurisdicción.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones